**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LORI MCGREGOR,

        Plaintiff-Appellant,

v.

ROY DELBERT SNYDER, JR.,

        Defendant-Appellee,

and

SHANE'S BAIL BONDS,

        Defendant.

No. 10-3233
(D.C. No. 2:10-CV-02099-JWL-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

    Lori McGregor sued Roy Delbert Snyder, Jr., a bounty hunter, and Shane's

Bail Bonds (Shane's) for the alleged violation of her constitutional rights under

42 U.S.C. § 1983 and various state law claims.  The district court denied

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. McGregor's motion to file a second amended complaint that attempted to assert claims against additional defendants, and granted Mr. Snyder's and Shane's motion for summary judgment. Appearing pro se, as she did in the district court, Ms. McGregor appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aarecorp Bonding LP (Aarecorp) issued a bond to secure the appearance of Jacqueline McCunn for municipal-court proceedings. Aarecorp is ostensibly a Kansas limited partnership, which operates under the trade name of Shane's Bail Bonds. Shane Rolf is the general partner of Aarecorp. When Ms. McCunn failed to appear for a hearing, Aarecorp hired Mr. Snyder to apprehend her.

On July 2, 2006, Mr. Snyder went looking for Ms. McCunn at her last known residence, which unknown to him, was then occupied by Ms. McGregor. At about 6:45 p.m., Mr. Snyder knocked on the front door. When Ms. McGregor answered the door, Mr. Snyder asked if she was Ms. McCunn, and she told him that Ms. McCunn no longer lived there. Mr. Snyder then identified himself as a bail bondsman, and Ms. McGregor began swearing at him and ordered him to leave.

At this juncture, Mr. Snyder's account differs from Ms. McGregor's account. For purposes of summary judgment, the district court accepted her verison of the material facts as true. According to Ms. McGregor, she told Mr. Snyder that she was calling law enforcement, which she did. During this

telephone call, she reported that Mr. Snyder refused to leave and that he had damaged her front door while trying to break into her home. Although the parties agree that Mr. Snyder was armed, Ms. McGregor does not claim that he ever drew his weapon, although she surmised that he knocked on the front door with his gun because the noise sounded as though it was made with something metallic.

Mr. Snyder stayed on the property and made a cellular telephone call to Ms. McCunn's father in an attempt to determine her whereabouts. While he was on the phone, Ms. McGregor came outside, pointed a gun at Mr. Snyder and told him to leave. Mr. Snyder said she screamed and cursed at him. He immediately left and telephoned the sheriff's department at 6:50 p.m. from a nearby intersection. During the call, he informed the dispatcher that a woman had pointed a gun at him and that he would wait for law enforcement. When Johnson County deputies arrived, Mr. Snyder told them what happened and returned to the residence with law enforcement personnel. Ms. McGregor came out on her lawn long enough for her to demand that they arrest Mr. Snyder. According to Ms. McGregor, despite the fact that she told the deputies her name, they threatened to arrest her if she did not put her dog inside. She then ran into her home. At about 7 p.m., Mr. Snyder left with the deputies to give them a statement and he says that he did not return to the residence. Ms. McGregor claims that Mr. Snyder remained on the property with law enforcement during a nearly

two-hour seize in which the deputies pointed assault rifles at the house. They eventually left without making an arrest.

Two years after the incident, Ms. McGregor sued Mr. Snyder and Shane's in Kansas state court. Aarecorp and Mr. Rolf filed an answer in which they denied any liability and in which they also claimed that Ms. McGregor failed to name them in her complaint or serve them with process. In response, Ms. McGregor filed an amended complaint naming both Mr. Rolf and Aarecorp as defendants. The case continued in state court until August 18, 2009, when it was dismissed as a result of Ms. McGregor's failure to pay discovery sanctions, with the condition that she pay the $1,000 sanction prior to refiling. But instead of paying the sanction, on August 21, Ms. McGregor purported to appeal the state-court order to the United States District Court for the District of Kansas, which was the wrong court in which to file such an appeal. Then in September, she filed with the federal court a notice to remove her state-court suit to federal court. The court promptly remanded the case to state court.

On February 18, 2010, the same day she mailed the $1,000 sanction payment, Ms. McGregor filed this suit, in which she again named Mr. Snyder and Shane's as the only defendants. On April 12, Shane's and Mr. Snyder filed a motion to dismiss or in the alternative for summary judgment. After Ms. McGregor requested and received numerous extensions of time to respond, the district court issued an order staying discovery, in which it explained that the

issues raised by the motion did not require any discovery, and that to the extent discovery was necessary, Ms. McGregor could file a motion under Rule 56(f) of the Federal Rules of Civil Procedure[1] that included an affidavit explaining what discovery was necessary and why.

On June 18, 2010, the same day that the district court entered its order regarding Ms. McGregor's response, she filed a motion to amend her complaint, along with a proposed amended complaint, in which she sought to add as defendants Aarecorp, Mr. Rolf, Johnson County, and several county law enforcement employees.  Ms. McGregor, on June 25, filed a motion for discovery under Rule 56(f); however, the motion did not contain the required affidavit.  And on July 8, after the court granted her request for additional time to make changes to her proposed amended complaint, Ms. McGregor filed a second proposed amended complaint, in which she likewise included the above-mentioned defendants.  On August 9, the court entered a 45-page memorandum and order in which it denied Ms. McGregor's motion to file her second amended complaint and granted summary judgment in favor of Mr. Snyder and Shane's on the § 1983 claim.

---

[1]     Effective December 1, 2010, Rule 56 was amended.  Among other changes, what was formerly subdivision (f) was moved to subdivision (d).  "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."  Rule 56 advisory committee's note (2010 Amendments).

We address first the district court's denial of Ms. McGregor's motion to file an amended complaint that named Aarecorp, Mr. Rolf, Johnson County, and various Johnson County law enforcement personnel as defendants. The court found that the proposed claims against Aarecorp and Mr. Rolf could not be saved by the Kansas Savings Statute and were barred by applicable the statute of limitations. Relying on *Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2496 (2010), the court further found the claims did not relate back to the initial filing date of February 15, 2010, because Ms. McGregor was not mistaken concerning the proper parties' identities, and the relation back requirements of Fed. R. Civ. P. 15(c)(1)(C)(ii) were not met.[2] As to Johnson County and its employees, the court found that the proposed claims were barred by the applicable statute of limitations and that the claims did not relate back because Ms. McGregor was unquestionably aware of the identity and involvement of Johnson County law enforcement since July 2, 2006, the date of the incident. The court thus concluded that it would be futile to allow Ms. McGregor to file the proposed second amended complaint.

In her opening brief, Ms. McGregor writes extensively about why she believes Aarecorp is not a properly formed limited partnership under Kansas law, and thus not a proper party. Setting aside the fact that she sought to add Aarecorp

---

[2] The court's finding that Ms. McGregor was not mistaken about Mr. Rolf's or Aarecorp's identities was based on the pleadings and proceedings in the state-court action, in which Ms. McGregor learned that Shane's was a trade name for the limited partnership Aarecorp and that Mr. Rolf was the general partner of Aarecorp.

as a defendant, she argues on appeal that she "did file against the right parties, Shane's Bail Bonds and Snyder. Aarecorp Bonding LP did not exist at time of filing her Petition in [state court] or [federal court]." Opening Br. at 9. She continues her argument by stating that because Aarecorp is not a proper entity, Mr. Rolf "is personally liable to [her] for [the] instant event." *Id.* But what Ms. McGregor never explains is any error in the district court's decision that her claims against Aarecorp, Mr. Rolf, Johnson County and various county law enforcement personnel were time barred, and thus any attempt to amend was futile.

Although we construe a pro se litigant's pleadings liberally, this principle has limits, one of which precludes this court from "tak[ing] on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Despite the deficiencies in Ms. McGregor's briefs, we have carefully examined the district court's memorandum and order, and affirm its ruling on the proposed second amended complaint for substantially the same reasons set forth by the court.

We turn now to the district court's ruling on Ms. McGregor's § 1983 claim. We have carefully examined Ms. McGregor's arguments and authorities and agree with the court's conclusion that Mr. Snyder was not functioning as a state actor during the incident. *See United States v. Poe*, 556 F.3d 1113, 1124 (10th Cir.

2009) (holding that where "bounty hunters did not intend to assist law enforcement, they are not state actors"). We therefore affirm the ruling for substantially the same reasons explained by the court in its memorandum and order.

Ms. McGregor also appeals the district court's denial of her motion for discovery to allow her to respond to Mr. Snyder's and Shane's motion to dismiss or for summary judgment. The court denied the motion for two reasons: first, Ms. McGregor failed to submit the required affidavit; and second, the information she sought was irrelevant. On appeal, Ms. McGregor makes inconsistent arguments as to why the court's decision was error. She argues first that her proposed second amended complaint "would have supported her Answer for Summary Judgment," Opening Br. at 7, which indicates that she had the information she needed to respond because it was included in her proposed second amended complaint. Despite this apparent admission that no further discovery was necessary, she also argues that she needed further discovery to establish that "Aarecorp . . . did not exist." *Id*. at 15. Ms. McGregor says that she did not file an affidavit due to "[f]atigue, haste [and] pro se status." *Id*. at 13.

Again, we have carefully considered the arguments and authorities cited by Ms. McGregor and conclude that the district court did not abuse its discretion when it denied her motion. As the court explained, despite the fact that Ms. McGregor failed to file an affidavit, her motion revealed that the information

she sought in discovery was irrelevant to her request to file a second amended complaint and to the issues raised in the dispositive motion. *See Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986) (holding that "[w]here a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate").

Although it is not entirely clear, Ms. McGregor appears to argue that the district court should not have dismissed her state law claims. However, she never explains why this was error in light of 28 U.S.C. § 1367(c)(3), which provides that the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all the claims over which it had original jurisdiction.

We DENY Ms. McGregor's motion titled "Plaintiff's Appellant's Motion to Submit Proofs and Add Appendix, Roster, and Amend Reply as to Partnership Legality." We DENY as moot the "Amended Motion by Roy Delbert Snyder, Jr. to Strike New Evidence and Argument from Reply Brief of Appellant and Suggestions in Opposition to Appellant's Motion to Submit Proofs and Add Appendix, Roster, and Amend Reply as to Partnership Legality."

The judgment of the district court is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge